IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:18-CR-241-WKW |
| | ) | [WO] |
| NATHAN VAN FOSTER | ) | |

**ORDER**

Before the court is Defendant Nathan Van Foster's *pro se* motion for compassionate release in which he seeks to modify an imposed term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. # 36.) The Government has filed a response in opposition. (Doc. # 39.)

Mr. Foster was convicted of one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Sentenced to 120-months' imprisonment, he received a substantial downward variance. (Doc. # 34.) His projected release date is January 3, 2027. *See* https://www.bop.gov/inmateloc/ (last visited Mar. 22, 2021).

Based upon a thorough review of the record, including the medical records, Mr. Foster's motion is due to be denied. First, Mr. Foster has not shown "extraordinary and compelling reasons" warranting his early release from prison. § 3582(c)(1)(A). He also has not demonstrated that the medical staff at his designated federal correctional institution is unable to provide him adequate medical

care for his health conditions. *See* § 3553(a)(2)(D); *see also United States v. Sanchez*, No. 2:17CR337-MHT, 2020 WL 3013515, at *1 (M.D. Ala. June 4, 2020) (denying an inmate's motion for compassionate release in part based on the absence of evidence "that the prison is unable to meet [the inmate's] medical needs" (citing § 3553(a)(2)(D))). Second, while Mr. Foster is to be commended for the steps he has taken to better himself in prison (*see* Doc. # 36-1, at 7–8), he has failed to demonstrate that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13. Third, the balancing of the § 3553(a) factors does not favor release. Mr. Foster has a significant criminal history that precedes his serious drug conviction in this case. *See* § 3553(a)(1). His release at this time would undercut the gravity of his offense, would diminish public respect for the law, and would fail to protect the public from additional crimes of Mr. Foster. *See* § 3553(a)(2).

Finally, to the extent that Mr. Foster requests that the court direct the Bureau of Prisons ("BOP") to place him on home confinement, the court lacks authority to take such action. The BOP has the sole discretion to designate an inmate's place of confinement, which includes placement in home confinement. *See Sanchez*, 2020 WL 3013515, at *1 ("[T]he court lacks authority under the CARES Act to order the Bureau of Prisons to place [the inmate] on home confinement."); *see* Coronavirus Aid, Relief, & Economic Security Act, Pub. L. No. 116-136, § 12003(b)(2), 134

Stat. 281 (2020) ("CARES Act") (providing that, if the Attorney General concludes "that emergency conditions will materially affect the functioning of the" BOP, BOP's Director "may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate").

Accordingly, it is ORDERED that Mr. Foster's *pro se* motion for compassionate release (Doc. # 36) is DENIED.

DONE this 23rd day of March, 2021.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE